*In re* DZWONKIEWICZ'S ESTATE.

McALPINE *v.* DZWONKIEWICZ.

1. INFANTS — SERVICES OF PHYSICIAN "NECESSARIES" — PROBATE COURTS.

Under 3 Comp. Laws 1915, § 13968, requiring a guardian to pay all just debts due from the ward, a physician rendering professional services to an infant without express contract therefor is entitled to payment upon the approval of the probate court, and he need not bring suit against the guardian therefor; such services being "necessaries" under the provisions of the statute.[1]

2. JURY — INFANTS — ALLOWANCE OF CLAIM AGAINST WARD IN PROBATE COURT NOT DENIAL OF RIGHT TO JURY TRIAL.

The allowance of a physician's claim against a minor ward by the probate court is not a denial of the right to a jury trial, since an appeal may be taken to the circuit court where the liability and amount thereof may be determined by a jury if desired.[2]

Error to Wayne; Jayne (Ira W.), J.    Submitted April 14, 1925.    (Docket No. 76.)    Decided May 14, 1925.

Archibald D. McAlpine presented a claim against Valeria Dzwonkiewicz, guardian of the estate of Edward Dzwonkiewicz, a minor, for medical services. The claim was allowed in the probate court, and defendant appealed to the circuit court by writ of certiorari.    Judgment for defendant.    Plaintiff brings error.    Reversed, and judgment ordered entered for plaintiff.

---

[1]Guardian and Ward, 28 C. J. § 284; Infants, 31 C. J. § 176; [2]Juries, 35 C. J. § 173.

*Behr & Coolidge,* for appellant.

*Rhodes, Garvett & Frankel,* for appellee.

SHARPE, J.    Edward Dzwonkiewicz, a minor, was seriously injured in an automobile accident by a vehicle owned by the Detroit Motorbus Company in October, 1923.    He was taken to Harper hospital and attended professionally by Dr. McAlpine, the appellant herein. A surgical operation was performed and attendance given for a period of about five months.    The father of the minor, who was a day laborer, had abandoned his family.    The mother frequently met the doctor at the hospital, but the question of compensation was not discussed with her.    An action was brought by the mother as next friend against the Motorbus Company and judgment recovered for $7,500, which was settled on payment of $6,500.    This sum, less the fees of the attorney, was paid to the mother, who had been appointed guardian of the infant by the probate court.    Soon thereafter, Dr. McAlpine filed a petition in the probate court, setting up the above facts and averring that the services rendered by him for the infant were of the value of $500 and that the guardian had sufficient funds in her hands to pay for such services.    He asked for an order requiring payment by her.    Proof was taken by the probate court.    The charges were found to be reasonable, and an order was entered directing payment thereof by the guardian.    This order she reviewed by certiorari in the circuit court.    The trial court there held that the plaintiff (the doctor) had "mistaken his remedy;" that he should have proceeded by suit against the guardian, and set aside the order entered.    This order the doctor here reviews by writ of error.

Section 13968, 3 Comp. Laws 1915, provides:

"Every guardian appointed under the provisions of this chapter, whether for a minor or any other person, shall pay all just debts due from the ward," etc.

It appears from the record, as above stated, that the father had abandoned his family. The services performed by the doctor were without express contract for payment. We have no doubt that the infant is liable for the reasonable value thereof on an implied contract to pay therefor. Such services as were here rendered by the doctor were "necessaries" within the meaning of that term as applied to the liability of infants to pay therefor.

"The most usual things which are considered necessaries are those answering the bodily needs of the infant, without which the individual cannot reasonably exist, * * * such as * * * medicines and medical attendance furnished him when his health or physical condition require them." 31 C. J. p. 1079.

See, also, *Harris* v. *Crawley,* 161 Mich. 383.

The trial court did not hold otherwise. He was of the opinion that under the holding in *Lothrop* v. *Duffield,* 134 Mich. 485, plaintiff's remedy was by suit against the guardian. In this we think he was in error. In that case, Mr. Duffield was employed by the guardian to prosecute a claim on behalf of the infants. His bill for services was allowed in the probate court. It was held that, as there was no privity of contract between him and the infants, his claim was one against the guardian, with whom he had contracted, and that the only jurisdiction of the probate court concerning it was when passing on the guardian's account after payment.

The right of the plaintiff to recover in this proceeding is dependent upon the implied contract of the ward to pay him for his services. He had no contract with the guardian. The proceeding to obtain allowance of the claim is akin to that of a creditor with a claim against the estate of a person deceased. It is the duty of a guardian under section 13968 to "pay all just debts due from the ward." In *State* v. *Dunbar's Estate,* 99 Mich. 99, it was said that such

debts should be paid "upon the approval of the judge of probate," and that such approval might be invoked by the person having such claim. See, also, *Simons* v. *Van Benthuysen,* 121 Mich. 697, and *Nolan* v. *Garrison,* 156 Mich. 397. There is no more of a denial of the right to a jury trial in such a proceeding than in the allowance of claims against an estate by the probate court. In either case, an appeal may be taken to the circuit court, where the liability and the amount thereof may be determined by a jury if desired.

The order reviewed will be set aside and that of the probate court affirmed. The plaintiff will have costs against the estate of the ward.

McDonald, C. J., and Clark, Bird, Moore, Steere, Fellows, and Wiest, JJ., concurred.