WILLIAM J. SANTASIERO, an Infant, by LEONA V. SANTASIERO, His Guardian ad Litem, Appellant, *v.* EUGENE BRIGGS, as Sole Trustee of Common School District No. 4 of the Town of Kirkwood, Broome County, et al., Respondents.

Third Department, March 7, 1951.

*Vere H. Multer* and *H. R. Multer,* for appellant.

*Robert Eckelberger, Jr.,* for respondents.

HEFFERNAN, J. The material allegations of the complaint are that plaintiff is an infant; that defendant, Briggs, is the sole trustee of Common School District No. 4 of the Town of Kirkwood, Broome County, New York, and that as such trustee he was charged with the duty of providing for the education of the children in that district, of whom the plaintiff was one, and that defendant as such trustee was in control of the building, grounds and appliances of such school district and that he had complete supervision and control of the pupils, including plaintiff, attending such school. It is alleged that the codefendants, Shaw and Hennigan, were teachers in such school and were charged with the supervision of the pupils while at play during the time school was in session. There follows an allegation, to the effect that defendant Briggs negligently permitted the play-

ground to become and to remain in a dangerous condition, and that because of the lack of supervision of the pupils by all the defendants, plaintiff was thrown to the ground and was stepped on by one or more of the other pupils as a result of which he sustained serious and permanent injuries, due entirely to the negligence of the defendants. It is then alleged that plaintiff by reason of his injuries required hospitalization, medicines and medical services for the payment of which he is personally liable. There is a further allegation that at the time he sustained his injuries his father, who had abandoned his family, refused and neglected to provide for his treatment and care and that plaintiff has been emancipated by his parents and hence entitled to his own earnings and to loss of his services and for the necessaries furnished him in connection with his injuries.

Defendants, on an affidavit by their attorney, applied to the Special Term for an order striking from the complaint, on the ground that they are sham and frivolous, all the allegations relating to the expenses incurred in the treatment and care of plaintiff by reason of his injuries and also those relating to his loss of services and the impairment of his earning capacity.

In the affidavit in support of the motion it is alleged that defendants interposed an inswer to the complaint consisting merely of a general denial although no such pleading appears in the record. The affidavit also recites that in response to defendants' demand a bill of particulars was served in which it is stated, *inter alia,* that plaintiff was six years of age at the time of the accident, that he was abandoned by his father and that his main support has been provided by a maternal grand-mother and that his mother contributes to his maintenance when she is able to do so.

The Special Term granted defendants' motion and from that order plaintiff has come to this court.

The contention of defendants, which was adopted by the court below, is that plaintiff is not liable for the obligations incurred in connection with these injuries, or entitled to recover for the loss of services resulting thereform and hence such are not proper items of damage. On the record in the case we cannot give judicial sanction to that conclusion.

We are dealing solely with a question of pleading. Under section 81 of the Domestic Relations Law a husband and wife are joint guardians of their children with equal rights of custody and control, that right to become sole in the survivor upon the death of either.

A duty to support and maintain minor children is universally recognized as resting upon the parents of such children, usually upon the father primarily, but partially or entirely upon the mother under some circumstances or pursuant to some statutes. This parental duty is said to be a principle of natural law and is everywhere acknowledged as at least a moral obligation of parents toward their children.

A father of sufficient ability is bound to support and educate his minor child, though the latter has an estate of his own. Regardless of the mother's financial resources the primary duty of support rests on the father (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Van Valinburgh* v. *Watson*, 13 Johns. 480; *Laumeier* v. *Laumeier*, 237 N. Y. 357). This has long been recognized as the law both in this country and in England. The mother is liable for the support of her minor child where such responsibility is placed on her by statute, as where the husband is incapable of such support or has abandoned the child or cannot be found within the State (67 C. J. S., Parent and Child, § 15; 39 Am. Jur., Parent and Child, §§ 35, 38).

'' An infant is liable for the value of necessaries furnished him * * *. His liability need not rest upon an express contract; if necessaries are furnished an infant under such circumstances that a contract to pay for them can be implied, he is liable for the value of them. Indeed, an infant may be held liable for necessaries furnished to supply his urgent need, although he is too young to understand a contract for them '' (27 Am. Jur., Infants, § 16 and cases there cited).

'' An infant is liable for the reasonable value of necessaries supplied to him or his family, unless his parent or guardian has already made provision for the articles furnished. * * * the mere fact that an infant has a father, mother, or guardian does not prevent his being bound to pay for what was actually necessary for him when furnished, if neither his parents nor guardian did anything toward his care or support.'' (43 C. J. S. Infants, § 78 and cases there cited.)

Lord Coke in Coke on Littleton (Vol. 1, p. 175, § 172a, [1818 ed.]), states the rule of an infant's general liability as follows: It is agreed by all the books that '' an infant may bind himself to pay for his necessary meat, drink, apparel, necessary physic, and such other necessaries, and likewise for his good teaching or instruction, whereby he may profit himself afterwards ''. It was said by Chancellor WALWORTH in *Kline* v. *L'Amoureux* (2 Paige Ch. 419, 420) '' An infant is liable for

necessaries, suitable to his rank and condition, when he has no other means of obtaining them except by the pledge of his own personal credit.''

In *Cole* v. *Wagner* (197 N. C. 692) the record discloses that an infant twelve years of age was seriously injured and that in order to save his life it became necessary that he should receive hospital, medical and surgical attention which plaintiffs, as trustees of a hospital, furnished. Thereafter plaintiffs instituted an action against the infant for the recovery of the expenses incurred by them in connection with his treatment and care. The defendant by his guardian interposed a plea of infancy as a defense. The trial court found that '' at the time of the matters and things set out in the complaint [the infant] was then and now is living with his father, who was and now is supporting him ''. This was admitted by plaintiffs. The trial court thereupon dismissed the complaint. The Supreme Court of North Carolina reversed the judgment and held that plaintiffs were entitled to recover the reasonable value of their services. In its opinion the court said (p. 698): '' In the present action, the complaint alleges that Harris Mangum Wagner was seriously injured, and in order to save his life and usefulness it became necessary that he receive hospital, medical and surgical attention, and he became an inmate of the ' Wesley Long Hospital,' and was treated there from 7 August, 1926, to 13 March, 1928. It appears that at the time he was seriously injured he was living with his father, who was and is now supporting him in the usual manner. From the facts alleged in the complaint, we do not think that the fact in regard to his father's usual support can absolve the infant from liability, under the facts and circumstances of this case. The infant was seriously injured, and by fair inference was immediately taken to the hospital and his life and usefulness [were] saved by hospital, medical and surgical attention. It was an emergency, and quick action had to be taken. During the period of treatment the father paid for no hospital, medical or surgical treatment for the infant. It seems that he was either unable, at least he did not provide for the infant. The circumstances were peculiar. The father did not provide this attention necessary to save his life and usefulness — the hospital did. The infant now has an estate, and it is unthinkable that the guardian of the infant should not pay the reasonable expense for saving the child's life and usefulness.''

*In Matter of Dzwonkiewicz* (231 Mich. 165) it appeared that a physician rendered extensive surgical and medical care to a minor. In holding the infant liable for such services the court said: " It appears from the record, as above stated, that the father had abandoned his family. The services performed by the doctor were without express contract for payment. We have no doubt that the infant is liable for the reasonable value thereof on an implied contract to pay therefor. Such services as were here rendered by the doctor were ' necessaries ' within the meaning of that term as applied to the liability of infants to pay therefor."

In *Goodman* v. *Alexander* (165 N. Y. 289), plaintiff brought an action against an infant seven years of age for board and lodging. The trial court dismissed the complaint for failing to state facts sufficient to constitute a cause of action. That judgment was affirmed by the Appellate Division (28 App. Div. 227, 228) on the ground that " There is no allegation in the complaint that the father refused or was unable to pay for the board and lodging furnished by the plaintiff." The Court of Appeals reversed the judgment and directed a new trial. In so doing the court held that a complaint in an action against an infant for necessaries is sufficient if it contains allegations which, if alleged in a declaration at common law, would have stated a cause of action for debt for board and lodging or goods furnished and that it is not necessary to allege in addition that the infant has no father or other persons standing *in loco parentis* who both could and should support her. That case clearly sustains the sufficiency of the complaint before us.

The proof in this record discloses that plaintiff has been abandoned by his father who is a nonresident of the State. There is no allegation in defendants' answer and no proof submitted by them that plaintiff's mother has sufficient means to liquidate the indebtedness incurred in the treatment and care of her son; in fact they have failed to establish there is in existence any person standing *in loco parentis* who can or will discharge these obligations. The burden of proof in that respect is on them. The complaint in this action clearly establishes that plaintiff is liable for the expenses incurred in the treatment and care of his injuries. That being so it necessarily and logically follows that he is entitled to maintain an action against defendants, the alleged wrongdoers, for the recovery of those damages.

In the instant case we have no hesitation in holding that the infant is entitled to maintain this action and to recover the

reasonable value of the services for hospitalization, medicines, medical care and nursing. All such items are clearly necessaries for which the infant is liable.

The Special Term was without authority to strike those allegations from the complaint. Certainly they are neither sham nor frivolous. Sham matter is that which is good in form but false in fact, and which is demonstratively false as to leave no reasonable doubt in the mind of the court as to its falsity. Frivolous matter, on the other hand, is matter which is so clearly and palpably bad as to indicate bad faith on the part of the pleader and as to require no argument to convince the court thereof.

The order appealed from should be reversed on the law and facts, with $25 costs and disbursements, and the motion denied, with $10 costs to plaintiff.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

Order appealed from reversed, on the law and facts, with $25 costs and disbursements, and the motion denied, with $10 costs.