LYNN M. ROHER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30100.)

CLAUDE M. ROHER, by LYNN M. ROHER, His Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30101.)

ROSE MARTY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30102.)

EARL L. EMRICH, by ROSE MARTY, His Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30103.)

FRED SNELL, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30104.)

HERBERT SNELL, by FRED SNELL, His Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30105.)

Court of Claims, July 10, 1951.

*Joe Schapiro* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Edward R. Murphy* of counsel), for defendant.

RYAN, J.  The claimants Claude M. Roher, Earl L. Emrich and Herbert Snell severally sue the State of New York for false arrest by a State trooper on October 27, 1949, following which they were confined in the Madison County jail until November 4, 1949, when they were released on bail.  They were under restraint until November 28, 1949, when their convictions were reversed by order of the County Judge of Madison County. Upon the whole record and upon the several requests to find submitted by the said three claimants and adopted herein, we find that these claimants are entitled to recover against the State of New York and we make awards to them in an accompanying decision.  All three claimants were under twenty-one years of age on October 27, 1949, and each was receiving his own earnings. Claude M. Roher was working for his father, Lynn M. Roher, who testified that during the nine days his son was confined in jail, he paid him his full wages.  Earl L. Emrich and Herbert Snell each sustained loss of earnings during his confinement and this has been taken into consideration in fixing the damages awarded to them.

Lynn M. Roher, father of Claude, Fred Snell, father of Herbert, and Rose Marty, aunt of Earl L. Emrich, with whom he made his home, also sue the State, each alleging that he has been put to great humiliation and shame because of the arrest and detention of the respective young man involved.  Each asks damages for loss of services and for mental anguish and suffering.  Each also seeks to recover the sum of $200 he paid for attorney's fees in the County Court proceeding.

These three claims must be dismissed because:

1. The youths being emancipated, the parents and the aunt are not shown to be entitled to their earnings.  (*Stanley* v. *National Union Bank,* 115 N. Y. 122, 134 [1889].)

2. The fee for attorney's services must be regarded as a necessity for which each youth, being emancipated, was himself liable. (*Giovagnioli* v. *Fort Orange Constr. Co.,* 148 App. Div. 489 [1911]; 39 Am. Jur., Parent and Child, § 80.)  Indeed he would

be liable if not emancipated. (*Santasiero* v. *Briggs*, 278 App. Div. 15 [1951].) It would seem that the voluntary payment of the attorney's fees by the two parents and by the aunt does not preclude the youths from recovering such expenses (4 Sutherland, on Damages, § 1250) provided they are reasonable (7 Warren on New York Negligence, § 407, subd. 4, par. [a]). However, in this record we have only the testimony of each adult claimant that he paid the attorney $200. It appears from Exhibit 7, the notice of appeal to the County Court, and from Exhibit 4, the order setting aside the convictions by the Justice of the Peace, that one proceeding included action on behalf of the three persons confined in jail. Without some additional proof as to the nature of the services rendered and without a showing of the rates for similar services, established and recognized by the Madison County Bar, we are not inclined to make findings indicating that a total charge of $600 was fair and reasonable.

3. There can be no recovery by the parents or the aunt for mental anguish and suffering. (7 Warren on New York Negligence, § 407, subd. 2, par. [e].)

Decisions accordingly.