Robert MARINO, an infant under the age of 14 years, by his Guardian ad Litem, Joseph Marino, Joseph Marino, Richard Catricala, an infant over the age of 14 years, by his Guardian ad Litem, Frances Catricala, and Frances Catricala, Plaintiffs,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

May 9, 1957.

Diamond & Kreitman, New York City, for plaintiffs. Jack Steinman, New York City, of counsel.

Paul W. Williams, U. S. Atty., New York City, for defendant. John S. Clark, Asst. U. S. Atty., New York City, of counsel.

Peter Campbell Brown, Corp. Counsel, New York City, for Commissioner of Hospitals, a creditor. Sheila Wachter, New York City, of counsel.

SUGARMAN, District Judge.

The proceeds of an infant's action against the United States under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, have been deposited in a savings bank in the name of his guardian ad litem "for the sole use and benefit of the infant plaintiff herein and subject to the further order of this Court and  *  *  * no withdrawal therefrom shall be made except upon the further order of this Court  *  *  *"

The attorney for the infant's guardian ad litem now moves "for an order directing whether or not the hospital bill of the Morrisania Hospital should be paid out of the proceeds of the recovery made on behalf of the infant, Robert Marino  *  *  *"

It appears that the City of New York, Department of Hospitals, claims $135.-75 from the infant's recovery, for medical care rendered to the infant when he was hospitalized in Morrisania Hospital, as a result of the injuries he sustained.

Were it clear that the debt of $135.75 is that of the infant, the court would be disposed to grant the order.

The City of New York (which has undertaken to submit an affidavit herein, although its status in this proceeding is questionable) relies on Santasiero v. Briggs [1] for the proposition in its answering papers "that an infant is liable for the payment of necessaries furnished to him when parents fail to pay or are unable to pay or otherwise provide for such necessaries or care." In that case

---

1. 3rd Dept. 1951, 278 App.Div. 15, 103 N.Y.S.2d 1.

the court, upon the rare facts there presented, sustained an infant's right to claim (because, under those facts, he might be liable therefor) for hospitalization, medicines and medical services necessitated by the defendant's negligence, stating at page 6 of 103 N.Y.S.2d:

"The proof in this record discloses that plaintiff has been abandoned by his father who is a non-resident of the State. There is no allegation in defendants' answer and no proof submitted by them that plaintiff's mother has sufficient means to liquidate the indebtedness incurred in the treatment and care of her son; in fact they have failed to establish there is in existence any person standing *in loco parentis* who can or will discharge these obligations. The burden or [of?] proof in that respect is on them. The complaint in this action clearly establishes that plaintiff is liable for the expenses incurred in the treatment and care of his injuries. That being so it necessarily and logically follows that he is entitled to maintain an action against defendants, the alleged wrongdoers, for the recovery of those damages."

In the case at bar, the infant's father, Joseph Marino, alleged in his complaint:

"That by reason of the aforesaid [negligence] and as a result of the injuries caused thereby, the plaintiff, Joseph Marino, has been compelled to expend and become obligated for necessary medical attendance and medicines for the said Robert Marino, and will be compelled to expend and become obligated for further sums of money for a long time to come for necessary medical, surgical psychiatric attendance and services and medicines   *   *   *"

whereas the infant's claim is confined solely to a demand for recompense for physical injury and past, present and future pain, suffering and other claimed results of that injury.

Judge Kaufman found that the father, Joseph Marino's negligence contributed to the accident and gave judgment to the defendant on the father's claim because "he, in his individual capacity, is barred from recovering damages for any loss of services or expenses sustained by him as a result of the injuries to his son Robert." [2]

New York City performed the services which gave rise to the hospital bill for the father in discharge of his obligation for the support and supplying of necessaries for his infant son. The City apparently recognized this when it took an assignment of the father's claim. Thus, in effect it looked to the father's credit for reimbursement therefor. Its claim is thus derivative from the father. Its lien, therefore, attaches to any recovery which the father may have from the defendant for reimbursement of his expenditures in discharge of that obligation. But he was denied such recovery because of his contribution to the negligence which gave rise to the infant's injury. His claim thus failing, the City's derivative claim likewise fails at least in so far as its satisfaction out of any recovery from the defendant is concerned. Even were it satisfactorily shown in this record (which it is not) that the father was unable to meet his obligation to the City, no different conclusion would result.

The moneys on deposit in the East River Savings Bank were clearly awarded to the infant, Robert Marino, in payment solely for his personal injuries and cannot serve as a fund for the payment of his father's debts.

The bill of the Morrisania Hospital shall not be paid out of the proceeds of the recovery made on behalf of the infant, Robert Marino.

■ Movant also asks "for an order authorizing a partial withdrawal of the funds for the purpose of re-depositing the same in another savings bank," because so much of the fund as exceeds

$10,000 draws no interest and does not receive the protection of the Federal Deposit Insurance Corporation.

To that extent the motion is granted.

Settle on order.