Daniel J. McAvoy, J.
The petitioner, Charles S. Wilson Memorial Hospital, moves for an order determining the validity and amount of a hospital lien asserted by it, pursuant to subdivision 6-a of section 189 of the Lien Law, and for an order setting aside and/or modifying an order heretofore granted by this court on November 12,1959.
On April 19, 1957 Helena Puskar, an infant, was seriously injured in an automobile accident and confined in said hospital until July 16,1957. The bill for her care and treatment amounted to $3,070.62.
On May 9, 1957 the hospital filed a written notice of lien in the Broome County Clerk’s office containing the information required by the statute, and duly complied with the provisions thereof.
Thereafter, Helena Puskar, through her guardian ad litem, commenced an action in negligence against the defendant Venila Pink and another to recover damages for personal injuries. Her father, Michael Puskar, also commenced an action against said defendants for medical and hospital expenses and loss of his daughter’s services. The actions were tried together and resulted in a verdict in the infant’s action of $15,000 and in the father’s case for $6,000.
The maximum insurance coverage carried by the defendant Venila Pink was $10,000. A verdict of no cause of action was returned as to her codefendant. It appears that the defendant Fink had no assets from which the balance over and above the amount of insurance could be collected.
The father Michael Puskar has, in effect, waived his rights to collect any portion of the proceeds of the insurance insofar as the verdict in his case is concerned, because on November 12, 1959 he procured an order from this court, without notice *283 to the hospital, directing payment from the $10,000 coverage of attorney’s fees and disbursements in the amount of $3,935.13 and doctors’ bills in the amount of $1,855, with the balance of $4,346.31 payable to him as guardian for the benefit of the infant. There was no provision whatever in the order for the payment of the hospital lien, or any part thereof.
Subsequently, the insurance company, after paying the attorney’s fees and disbursements, procured an order directing the payment of the balance of $6,201.31 to the Broome County Treasurer pending a determination of the validity of the hospital lien.
The statute (Lien Law, § 189, subd. 1) says that the hospital “ shall have a lien upon any and all rights of action * * * of any nature whatsoever * * * which the injured person * * * receiving treatment — may or shall have or assert * * * against any such person * * * for damages on account of such injuries * * * for the amount of the reasonable charges of such hospital, for such treatment, care and maintenance of such injured person at cost rates in such hospital.” (Emphasis mine.)
When the father failed or refused to pay the hospital bill, the infant — having an estate — became liable for it as the services rendered constituted necessaries. The infant could have asserted a cause of action to collect the hospital bill from the negligent wrongdoer if the father had not included it in his cause of action for loss of services and medical expenses. (See Santasiero v. Briggs, 278 App. Div. 15.)
The language of the statute is very broad and comprehensive and evidences an intent to protect the hospital by attaching the lien to any and all causes of action of every nature which the injured person may have.
The injured person here — having an estate of her own and not being provided hospitalization by her parent or guardian — would be liable for such services and have a right to sue therefor. The fact that her father asserted a claim for the amount of the hospitalization in his action for loss of services should not deprive the hospital of its lien. Any other interpretation of the statute would leave the hospital at the mercy of the parent or guardian, who might or might not — as they saw fit — assert a cause of action for hospital expense.
The reasoning employed in the Santasiero case (supra) is particularly appropriate here. At page 19, Heffebua-it, J., quoted from Cole v. Wagner (197 N. C. 692) as follows:
“ ‘ During the period of treatment the father paid for no hospital, medical or surgical treatment for the infant. It seems *284 that he was either unable, at least he did not provide for the infant. * * * The father did not provide this attention necessary to save his life and usefulness — the hospital did. The infant now has an estate, and it is unthinkable that the guardian of the infant should not pay the reasonable expense for saving the child’s life and usefulness.’ ”
It is equally unthinkable under the circumstances here. The order procured from this court on November 12, 1959 — without notice to the hospital and without full realization on the part of the court of all the facts — provided that everyone performing services on behalf of the infant be paid, except the hospital.
It is my conclusion that it is the intent of the statute that the hospital lien attach to the proceeds recovered, both in the infant’s action for personal injuries and the action brought to recover for hospital and medical expenses.
There is nothing in the employment contract of the father Michael Puskar with his employer, Endicott-Johnson Corporation, requiring the employee to pay for medical services rendered necessary to his child by the negligent acts of a third party. Suffice it to say that the hospital services were rendered some three years ago and the bill is still unpaid.
The order of November 12,1959 may be modified in accordance herewith.