AL SIEGEL, Respondent, v. EDWARD HODGES, by ANNIE S. HODGES, His Guardian ad Litem, Appellant.—

572

A prior action against the infant by a partnership composed of plaintiff and the infant's father was dismissed mainly on the ground that it would be against public policy to permit the maintenance of the action. While such dismissal was without leave to replead, it was also without prejudice to such an action as might be available to plaintiff as an individual against the infant or the infant's father (*Siegel & Hodges* v. *Hodges,* 20 Misc 2d 243, affd. 10 A D 2d 646, affd. 9 N Y 2d 747). In that action, the infant's father had been also named as a party defendant because he had refused to join as a plaintiff and co-operate in the prosecution of the action. In the complaint now before us, the plaintiff does not, as in the prior action, refer to a partnership or to the infant's father. The caption of the action states that the defendant is an infant under the age of 14 years. Plaintiff's cause of action is predicated on the following allegations in the complaint: plaintiff is a highly skilled and recognized professional voice teacher; the infant was a precocious and talented child possessing innate talent and abilities; plaintiff, " at the special instance and request of the natural guardian of the infant defendant, rendered services for the infant defendant, consisting of managerial, promotional and coaching services to educate and advance his natural talents and to equip him for a professional and theatrical career; " the " services so rendered by the plaintiff to the infant defendant were necessaries required to promote the best interests and welfare of the infant defendant "; the services included specified matters " which resulted in the infant defendant's development and recognition as a nationally recognized theatrical performer, to his great financial gain "; and the " services were rendered by plaintiff in reliance and upon the credit of the infant defendant." The parents of an infant have a legal and moral obligation to support him, the duty resting primarily on the father and secondarily on the mother (*Santasiero* v. *Briggs,* 278 App. Div. 15; Children's Court Act, § 31; N. Y. City Dom. Rel. Ct. Act, § 101). This obligation continues even though the infant has an estate of his own. One who furnishes necessaries to an infant cannot recover from the infant if his parents are financially able to pay for them, but the infant may be held liable for necessaries furnished to him if his parents or the persons standing *in loco parentis* are unable to pay for them (*International Text Book Co.* v. *Connelly,* 206 N. Y. 188; *Santasiero* v. *Briggs, supra*; *Goodman* v. *Alexander,* 165 N. Y. 289; cf. Debtor and Creditor Law, § 260; Domestic Relations Law, §§ 74, 74-a). In our opinion, the complaint is insufficient since it is alleged therein that the infant defendant has a natural guardian and since it is *not* alleged that such guardian was unable to pay for the necessaries furnished by plaintiff to the infant. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.