RONALD CIANCI, an Infant, by ANGELINA CIANCI, His Guardian ad Litem, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF RYE et al., Defendants and Third-Party Plaintiffs-Respondents, and WILLIAM FOLLETT, an Infant, Third-Party Defendant.— Motion by appellants (father and infant son) to dispense with printing will be treated as a motion to prosecute the appeal and the action as poor persons under the relevant practice provisions (Civ. Prac. Act, §§ 196, 198-a, 199, 558; Rules Civ. Prac., rules 35, 36). The motion as so treated is granted. The appeal will be heard on typewritten copies of the record (including the typed transcript of the trial minutes) and on typewritten copies of appellants' brief which should include a copy of the opinion, if any, rendered by the trial court. Appellants are directed to file two copies of such typewritten record and six copies of such typewritten brief, and to serve one copy of each on respondents. Howard H. Schrecke, Esq., 175 Main St., White Plains, N. Y., is assigned as attorney for the plaintiffs-appellants, to act without compensation except taxable disbursements and such

compensation as may be allowed by the court out of any recovery which may be had. Application for the requisite number of transcripts of the stenographer's minutes may be made to the Trial Justice upon notice to the County Attorney, pursuant to section 1493 of the Civil Practice Act. It clearly appears from the affidavits submitted that plaintiffs-appellants (father and son) come within the statutory classification of poor persons (Civ. Prac. Act, § 199). Neither one has a net worth of $300, despite their own contrary conclusion. The expenses thus far incurred for the son's medical treatment (the son having become a paraplegic as a result of his injuries) total $12,000; and additional expenses for his treatment are being incurred steadily. While the father has assets of $2,300 and the son $1,000, such sums are wholly inadequate to meet the past medical expenses of $12,000. Since such expenses constitute "necessaries" furnished to the infant son, and since the father is unable to pay for them, the liability devolves upon the infant personally (*Santasiero* v. *Briggs,* 278 App. Div. 15, 18–20; *Goodman* v. *Alexander,* 165 N. Y. 289, 292; *International Text Book Co.* v. *Connelly,* 206 N. Y. 188, 195; cf. Personal Property Law, § 83). Hence, in view of the existing $12,000 liability enforcible against both father and son to the extent of their respective assets, neither one has a net worth of $300 and they both are entitled to leave to prosecute their action and the appeal as poor persons. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.