## In the Matter of the Estate of ALFRED M. STEELE, Deceased.

Surrogate's Court, New York County, June 1, 1962.

*Seligson, Morris & Neuberger* for Joan C. Steele and others, as executors, petitioners. *Rubin, Baum & Levin* (*Bernard Stebel* and *Ronald Greenberg* of counsel), for Lillian Steele, respondent. *Halperin, Shivitz, Scholer & Steingut* (*Harry J. Halperin* and *Samuel L. Scholer* of counsel), for Joan C. Steele, individually, respondent. *Elias Karban,* as special guardian for Alfred N. Steele, an infant, respondent.

JOSEPH A. COX, S. The decedent's widow, one of the executors named in his will, has moved in her individual capacity for an order, pursuant to rule 103 of the Rules of Civil Practice, striking out certain portions of the objections to the executors' account upon the ground that the matter sought to be stricken is sham. The matter in question relates to the receipt by the widow of a sum payable in monthly installments over a five year period pursuant to an agreement entered into between the testator and his employer. The objectant alleges that the payments being received by the widow under the agreement are assets of the testator's estate and the objectant prays that the executors be directed to collect such payments and the widow be directed to return the amounts of payments which she has received.

The movant contends that a proper interpretation of the employment contract compels the conclusion that she is entitled to the payments under that agreement and any different interpretation of the agreement is without foundation in fact or in law. The movant further asserts that any suggestion that the employment agreement constituted an invalid testamentary disposition is without merit and that the possible insolvency of the estate does not enter into a consideration of the issues. The movant supports her contentions by the citation of a great number of authorities dealing with the validity of contracts and with fraudulent conveyances. The extensive arguments of the movant defeat the purpose of the motion by establishing that the allegations of the objections concern contestable issues and

cannot be regarded as sham. No matter how susceptible to attack the objections may be upon issues of fact or law, the instant motion is not the proper method of disposing of the objections. The objectant was privileged to plead the legal effect of the employment agreement as it appeared to her and the construction and effect of this agreement cannot be resolved upon a motion to strike allegations as sham (*Rosenthal-Block China Corp.* v. *Johann Haviland China Corp.*, 12 A D 2d 915). "Sham matter is that which is good in form but false in fact, and which is demonstrably false as to leave no reasonable doubt in the mind of the court as to its falsity." (*Santasiero* v. *Briggs,* 278 App. Div. 15, 21; *Vice* v. *Kinnear,* 15 A D 2d 619.) The motion is denied.