■ Jody Przestrzelski, Appellant, v Board of Education of the Fort Plain School District, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered January 15, 1979 in Montgomery County, which granted a motion to dismiss so much of plaintiff's amended complaint as seeks damages for medical expenses and property damage. The infant plaintiff sustained injuries as a result of an accident at Fort Plain Central High School on February 7, 1977. A notice of claim was filed on March 30, 1977 on behalf of plaintiff and his mother, and their action was commenced on September 5, 1978. Defendant then moved to dismiss the mother's claim for medical expenses and property damage on the ground that it was barred by the Statute of Limitations. Before this motion to dismiss was granted, plaintiff served an amended complaint on October 5, 1978, which dropped the mother as a party but continued to seek damages for plaintiff's medical expenses and property damage. Defendant then moved to dismiss that part of plaintiff's amended complaint which sought damages for medical expenses and property damage on the basis that it failed to state a cause of action. Special Term granted the motion and this appeal ensued. While infants are liable for the cost of necessaries furnished them only where their parents are unable to pay for them (*International Text Book Co. v Connelly,* 206 NY 188; see *Cianci v Board of Educ.,* 16 AD2d 680), a complaint in an action

against an infant for necessaries need not allege that the infant's parents are unable to provide for him *(Goodman v Alexander,* 165 NY 289). Similarly, when an infant brings suit to recover for medical expenses incurred, the complaint is not defective merely because it fails to allege that the infant's parents were unable to support him *(Santasiero v Briggs,* 278 App Div 15). The burden of proving that the plaintiff's parents could or would assume their obligation of paying for necessaries furnished their child was on the defendant *(Santasiero v Briggs, supra),* and that burden has not been met. Accordingly, Special Term should not have dismissed those portions of plaintiff's amended complaint which sought damages for medical expenses and property damage. Defendant also argues that the notice of claim requirements contained in section 50-e of the General Municipal Law were not met since the notice of claim in this case stated that the infant's mother was making the claim for medical expenses and property damage, and the amended complaint now makes this the claim of the infant. We find this argument to be without merit. The notice of claim clearly informed the defendant as to the nature of the claim and the items of damage claimed to have been sustained. Order reversed, on the law, and the motion to dismiss so much of plaintiff's amended complaint as seeks damages for medical expenses and property damage denied, with costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Herlihy, JJ., concur.