[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter involves an appeal from a decision of Judge Streit-Kefalas of the Probate Court for the District of Milford. The appellant herein filed a claim for the value of medical services which was disallowed by the Judge on May 2, 2001.
The parties jointly filed a stipulation of facts (docket item no. 115) which in brief recited the following:
 1. On March 21, 1996 Harun Fountain was seriously injured when a gun accidently discharged and Fountain, a minor of 13 years was seriously injured with a head wound and among other injuries, sustained a permanent loss of vision in his right eye.
2. He was treated at the appellant's facility with various medical services with a final bill being rendered CT Page 9330 in the amount of $17,694.
 3. The mother of the minor subsequent to the rendering of the services provided by the appellant and after having been billed for the services was discharged in bankruptcy and no longer bears any responsibility for the obligation owed to the appellant.
 4. Subsequent to the bankruptcy discharge, a lawsuit was brought on the minor's behalf and a recovery was obtained which brought the child's estate under the jurisdiction of the probate Court for the District of Milford for supervision of the proceeds.
 5. A claim for the medical services was filed by the appellant with the court against the estate and by decision dated May 2, 2001 the court denied the claim on the grounds that a minor is incapable of entering into a legally binding contract or to consent to medical treatment without parental consent unless the child has been emancipated.
The appellant appeals this determination claiming that such services furnished to the minor were necessaries and failing the parents and guardians satisfying the expenses of such necessaries rendered for the benefit of the child the child becomes liable. It is clear that medical services are included in the definition of necessaries. In this case inasmuch as the child has an estate made up of proceeds received from the tortfeasor based upon the injuries sustained, it is the appellant's position that the claim filed against the estate for the services rendered should be allowed.
The court agrees with the appellant.
There is no doubt that the parents of the minor were capable of contracting for the appellant's services and would be liable but for the discharge in bankruptcy. However if the services supplied to the minor falls within a category called "necessaries" a minor may be held liable. In Aquilar ppa et al v. Midstate Developers, 1996 WL 600704 1 (Conn.Super.Ct.) The court noted that "it has long been recognized in this state that a minor has a direct personal obligation for contracts for necessaries. Such an obligation has been recognized as well in other jurisdictions. See University of Cincinnati Hosp. V. Cohen, 566 N.E. 2nd
187 where the court noted that if the parents fail or refuse to pay for emergency medical care the provider hospital or physician may then look to the child for payment. The presumption exists that the provider of CT Page 9331 medical services relies on the parents credit for payment when injured child lives with his parents (as is the case here) and in such an instance parents are primarily liable and minor is secondarily liable. See also Schmidt v. Prince George's Hospital, 784 AZ 1112.
In this case the minor child has an estate obtained from proceeds derived from the tortious injury for which the appellant furnished medical services "and it is unthinkable that the guardian of the infant should not pay the reasonable expense for saving the child's life and usefulness." Charles S. Wilson Memorial Hospital v. Puskar,208 N.Y.S.2d 229, 231.
This court agrees. The appeal is sustained.
___________________, J. George W. Ripley II Judge Trial Referee