In the Matter of the Application of WILLIAM FREDERICK ENTENMAN to Dissolve His Marriage with LUCY M. ENTENMAN.

Supreme Court, Bronx Special Term, February, 1924.

**Husband and wife — dissolution of marriage — insufficiency of petition — Domestic Relations Law, § 7-a.**

Where upon a husband's petition filed under section 7-a of the Domestic Relations Law the proof shows that his wife in the fall of 1915 went from their home, leaving a letter in which she said, " I am never coming back," a belief that she is dead is not warranted and the petition will be dismissed.

ACTION to dissolve a marriage.

*Arthur A. Henning,* for petitioner.

MULLAN, J.   At the trial I was of the opinion that this petition, brought under section 7-a of the Domestic Relations Law, must be dismissed for the reason that the only reasonable implication to be drawn from the failure of the petitioning husband to hear from or learn the whereabouts of his wife was not that she had died, but that she was deliberately keeping away from him, and as deliberately concealing her whereabouts so that he could not reach or otherwise get in touch with her. The wife went away from their home in the fall of 1915, leaving the following letter, addressed to the petitioner:

" DEAR BILL — Well, I am going away and going to work for myself. I am going to try and find peace by going to work for myself. Now, the baker is paid until the 16th, that is, Saturday; if you don't want any more from him you can let Esther know and she will tell him not to leave any more. I got tired of your calling me an old teaser and your other names you had for me. You can do whatever you wish with the furnicher. Your clean close are in the bureau drawer, and socks, too. Your bank is in the beaufay with your $12 in it. Later on I will be better off by myself, because I am never coming back, and you need not look for me."

When the proofs were in I said to the petitioner's counsel: " Her non-appearance is attributable to her desire not to live with him. She was twenty-three years old. It would be ridiculous to presume she is dead. You have nothing upon which to base the presumption of death, and you have everything upon which to base the belief that the petitioner has not seen or heard from her because of her desire not to have anything further to do with him." As my statement shows I was under the impression that the proofs must raise an implication of death. The statute in question requires the petitioner to plead and prove that she or he " believes such husband or wife to be dead," and I had supposed that it followed that the petitioner must show a situation that would warrant a finding that it was reasonable to believe that the absent spouse had in fact died. Since the trial my attention has been called to the decision of the Appellate Division of this department in *Frankish* v. *Frankish*, 206 App. Div. 301. The defendant husband in the *Frankish* case, to quote from the opinion of Mr. Justice Martin, who wrote for the court (p. 302), " by stealth and trickery, took the children (of the marriage of the parties) from the possession and home of plaintiff's mother and departed with them to parts unknown." That proof might seem to permit the implication, not that the disappearing husband had died, but that he was concealing his whereabouts so as to be free from the molestation of his wife, and thus be able to retain the custody of the children. In that respect the facts there seem to lead, almost as clearly as do the facts here, to the conclusion that the disappearing spouse was purposely keeping in hiding. It is, of course, obvious that the stronger the ground is for such a belief, the weaker must be the ground for a belief that the absent spouse has died. Except, therefore, for certain very significant language in the opinion in the *Frankish* case, I should feel compelled to hold that in the case of an absence of five years proof of an unsuccessful diligent search would alone require the granting of the dissolution prayer, wholly regardless of the age or physical condition of the disappearing spouse or of the reason or cause of the disappearance. Mr. Justice Martin, however, called attention to and seemed to stress the fact that the plaintiff wife in the *Frankish* case (p. 303) " had no quarrel with defendant and * * * there was no reason for his deserting her." That expression would appear unmistakably to indicate that the statute cannot be availed of in the case of a disappearance and continued absence due to intentional desertion, unless there are also present facts constituting a real, in contradistinction to a merely artificial, ground for a belief that the life of the disappearing spouse had actually come to an end. That that is the correct view would

seem to follow from what I believe to be the quite apparent fact that it was not the legislative intent so to change our matrimonial laws as to permit our courts to render judgments that would in practical effect be decrees of divorce upon the ground of desertion. In the instant case there can be no room for doubt that the disappearing wife did intend to leave her husband forever and did intend permanently to conceal herself from him. I find, therefore, that the petitioner's proofs did not warrant a belief that his wife is dead, and that those proofs, on the contrary, tend strongly to support a belief that she is not dead. Petition dismissed. Submit order.

Judgment accordingly.