In the Matter of the Application of ROSE GALL, Appellant, for an Order for the Dissolution of Her Marriage with JOHN GALL, Respondent.

First Department, July 1, 1932.

*Sigmund S. Rotter*, for the appellant.

No appearance for the respondent.

TOWNLEY, J. This proceeding is instituted by petitioner for the dissolution of her marriage under section 7-a of the Domestic Relations Law (added by Laws of 1922, chap. 279). It was shown that petitioner's husband had absented himself for more than seven successive years without being known to her to be living during that time. The petitioner is a house worker. She and respondent are both natives of Hungary. Two weeks after the marriage, the husband disappeared, taking with him some $900 of petitioner's money, and leaving a letter suggesting that he might commit suicide. Petitioner advertised in local Hungarian newspapers seeking information of the whereabouts of her husband. She wrote to authorities in Hungary and inquired and made efforts in all likely places and from people who might be presumed to have news of her husband. These inquiries were of no avail. Petitioner testified that she believed her husband was dead.

The official referee, relying on *Matter of Entenman* (122 Misc. 441), found " that in view of the short time petitioner and her husband lived together and the fact of the husband appropriating the $900 belonging to his wife, coincident with his disappearing," he was unable to reach the conclusion that the respondent was dead or that the reasonable presumption was that he was dead.

This finding of the official referee was made before the decision of this court in *Matter of Heilweil* (232 App. Div. 610) and does not represent the law as laid down by this court. As Mr. Justice SHERMAN wrote in the *Heilweil Case* (p. 613): " If the Legislature had intended that the court should require evidence sufficient to warrant a finding or presumption of death before the dissolution proceeding could succeed, it would have said so. Section 341 of the Civil Practice Act permits such presumption to be drawn from

an unexplained absence of seven years. No such language is found in the present statute or even in its predecessor, and the court may not read that requirement into the act. What is made of controlling importance is the good faith of the petitioner in bringing the proceeding and in believing that his wife was dead, together with proof of the exercise of proper diligence by him in an effort to locate her and find proof that she is alive. The jurisdictional facts being sufficiently shown, all that petitioner was required to do was to satisfy the court ' of the truth of all the allegations contained in the petition.' " Under this interpretation of the law, a proper case was made out by petitioner for the relief demanded.

The order should accordingly be reversed and petitioner's proposed referee's report and decision approved in full, and an order entered dissolving the marriage existing between the parties.

FINCH, P. J., and McAVOY, J., concur; MARTIN, J., concurs in result on the authority of *Frankish* v. *Frankish* (206 App. Div. 301); MERRELL, J., dissents.

Order reversed and petitioner's proposed referee's report and decision approved in full, and an order directed to be entered dissolving the marriage existing between the parties. Settle order on notice.