THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIZABETH WAGSTAFF, Respondent, *v.* WESLEY MATTHEWS, Appellant.

Supreme Court, Nassau County, April 30, 1938.

*James Scovell*, for the appellant.

*Edward J. Neary, District Attorney [Philip Huntington, Assistant District Attorney*, of counsel], for the respondent.

Hooley, J. The appellant is a police officer of the village of Hempstead, earning forty-six dollars a week. The appellant and his former wife, the mother of the child, are divorced, and both have since remarried. The child is living with her mother and stepfather.

The jurisdiction of the Children's Court to make the order is challenged by the appellant. He maintains that under section 18 of article 6 of the Constitution of the State of New York it is not within the power of the Legislature to grant authority to a Children's Court to make the order from which the appeal is taken. The appellant contends that the Children's Court under the constitutional section aforesaid was given jurisdiction to act only in cases affecting abandoned, neglected or delinquent children. There is no claim that this child was either delinquent or abandoned. The appellant further contends that there is nothing in this case to bring this child within the definition of a neglected child, under the statutory definition thereof contained in the Children's Court Act.

Article 6, section 18, of the Constitution of the State of New York provides in part as follows: " The Legislature may establish Children's Courts, * * * and may confer upon them such jurisdiction as may be necessary * * * *to compel the support of a* wife, *child* or poor relative *by persons legally chargeable therewith who* abandon or who *neglect to support* any of them."

It should require no citation in this day and age to sustain a contention that a father is legally chargeable with the support of his child. While it is true that under certain conditions the stepfather may become liable for the support of the child, this obligation is a secondary obligation which may only be invoked and enforced by a public welfare official. The Public Welfare Law requires a stepfather to furnish support only if he is of sufficient ability to do so and the child is or is liable to become a public charge. (Public Welfare Law, § 125; *People [Coleman]* v. *Fermoile*, 236 App. Div. 338.)

The divorce did not relieve the father from the primary obligation to support his child; neither did the subsequent remarriage of the wife.

The whole theory and spirit of the Children's Court Act (Laws of 1922, chap. 547, as revised by Laws of 1930, chap. 393) is to give to that court jurisdiction to compel a person liable for the support of the child to furnish such support, and subdivision 2 of section 6 thereof is sufficiently broad and comprehensive in its terms as to grant to the court the jurisdiction which it exercised in this case.

The power exercised by the Legislature in the enactment in question was in accord with the constitutional provision above quoted.

Order affirmed.