BIAGIO SARACCO, Respondent, v. PHILIP CORELLI, Defendant, and LOUIS CORELLI, Defendant-Appellant.

Fourth Department, May 25, 1944.

*Alexander Berman* for appellant.

*J. Leo Coupe* for respondent.

*Per Curiam.* This action is brought by plaintiff against Philip Corelli and his son, Louis Corelli, for board, room and maintenance of said Louis Corelli. The plaintiff alleges in his complaint that such board, room and maintenance were furnished at the request of the defendants and upon their promise to pay therefor. Louis Corelli, who was an infant twelve years of age at the time such support was furnished, has filed an answer denying the allegations of the complaint.

The plaintiff made a motion for summary judgment against Louis Corelli, under rule 113 of the Rules of Civil Practice, upon the complaint, answer and affidavit of the plaintiff. Plaintiff's affidavit sets forth that during the month of May, 1929, Philip Corelli, father of Louis Corelli, requested the plaintiff to furnish room and board to his infant son, Louis Corelli; that plaintiff agreed to and did furnish room and board in his own home for Louis Corelli; that Philip Corelli paid in accordance with the agreement for the years 1929 and 1930, and that he did not pay anything in 1931 and that the sum of $240 for the board and room furnished to said Louis Corelli during the year 1931 was due and owing in January, 1932; that plaintiff extended credit to Philip Corelli for the board and room of Louis Corelli during 1931 and also furnished clothing to said infant amounting to $33; that on the 30th day of January, 1932, Philip Corelli executed and delivered to plaintiff his promissory note for the sum of $273, that sum representing at that date the entire amount due plaintiff for the necessaries furnished to the infant, Louis Corelli, for the year 1931; that thereafter Philip Corelli took Louis Corelli from the plaintiff's

home in Utica and moved to Hicksville, L. I.; that from time to time plaintiff wrote letters to Philip Corelli, asking him to meet his obligation; that in 1932 said Philip Corelli wrote to the plaintiff several times stating that he was unable to pay the debt, but assured plaintiff that he was well aware of his obligation to pay the debt. Plaintiff further sets forth in his affidavit a letter written to him by Louis Corelli, under date of July 7, 1941, reading as follows:

" Dear Biagio:

Just dropping a few lines to let you know that we're all in the best of health and hope to hear the same from you. Sorry to hear that you're both not well.

My father got your letter Sat. My father and I don't get along together. We haven't been together a long time. But when he got your letter he brought it over to me saying that he owes you $273.00 for my board, and wants me to pay for it. I would like to help you, but I can't as you see I'm married, and am not working steady. I'm working on a farm for $15.00 a wk. My wife expects a baby too in Sept. So you see I'm not in a position to help you. But my father can pay you as he has no one to support, and is working pretty steady in Conn. He's making pretty good money too.

If I had a good job or had a little money I would gladly help you for you were both very good to me. I was born unlucky and I guess I'll always be unlucky.

Love to both of you.

(Signed)   Louis Corelli."

Louis Corelli filed an affidavit in opposition to plaintiff's motion, stating that his father is the only one obligated to pay the debt to plaintiff; that he had nothing to do with the debt and that he is not responsible for it as at the time he was an infant.

As Louis Corelli was an infant at the time this support was furnished to him by plaintiff, the father is liable for such support. (*Goodman* v. *Alexander,* 165 N. Y. 289, 292.) Furthermore, the necessaries were furnished to Louis Corelli under a contract made between plaintiff and Philip Corelli, and, therefore, Louis Corelli is not liable. (*Murphy* v. *Holmes,* 87 App. Div. 366, 370.)

It is clear that the letter written by Louis Corelli to plaintiff did not acknowledge any liability on his part and that it was not a promise to pay the debt of his father.

The appellant, Louis Corelli, did not in his affidavit ask that the complaint be dismissed and that judgment be rendered in his favor. All he asked was that the motion for summary judgment be denied. In his brief he now asks for a new trial.

The judgment in favor of plaintiff and against the defendant, Louis Corelli, should be reversed on the law, with costs to appellant to abide the event, and the motion for summary judgment should be denied, with ten dollars costs and disbursements to appellant to abide the event.

All concur, except DOWLING, J., not voting. Present — CUNNINGHAM, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs.