J. Irwin Shapiro, J.
Motion hy the infant defendant to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.
The complaint alleges, in substance, that A1 Siegel, a recognized professional voice teacher and musical manager of theatrical talent for more than 25 years, and defendant John W. Hodges, father of the infant defendant, entered into a partnership agreement on November 1, 1957 for the purpose of “ promoting the interests and managing the professional theatrical career ” of the infant defendant (par. “ fourth ”), “ a precocious talented child possessing much innate talent and abilities ” (par. “ third ”); that the partnership undertook and performed “managerial, promotional and coaching services” for the infant defendant “ for the purpose of educating and advancing his natural talents so as to equip ” him “ for a professional theatrical career ” (par. “ fifth ”); that some of the services rendered resulted in the infant defendant’s being engaged to perform on the “Perry Como Show” and “ Omnibus ” and his becoming a contestant on the “$64,000 Challenge” (par. “sixth”); and that the aforesaid professional services rendered by plaintiff partnership to the infant defendant were “necessary” to his “present and future welfare, education and professional advancement of his career ” (par. “ eighth ”).
After alleging the reasonable value of the work, labor and professional services rendered by the partnership to be $50,000, the complaint states that defendant John W. Hodges, father of the infant defendant, is made a party defendant because he refused to join as plaintiff and co-operate in the prosecution of this action.
The motion to dismiss for insufficiency is based upon three grounds: (1) the services allegedly performed by plaintiff part *245 nership on behalf of the infant defendant do not constitute necessaries; (2) it is not alleged that the infant’s credit was relied upon; and (3) it is not alleged that the services were performed at the request of the infant.
The material factual allegations contained in the complaint, as well as all supporting inferences which may fairly and reasonably be drawn therefrom, must, of course, be accepted as true. (Garvin v. Garvin, 306 N. Y. 118, 120.) So viewed, the court would be disinclined to dismiss the complaint on the ground that the “work, labor and professional services ” rendered to and on behalf of the infant defendant could not as matter of law constitute necessaries. While the work, labor and professional services alleged in the complaint do not fall within the generally accepted notion of what constitutes necessaries, and might not be for a minor of average talents, the infant defendant, according to the complaint, is no ordinary child. The educational opportunities and training which should be afforded to a child whose gift holds promise of success in the entertainment world might, in part, well be of a type radically different from those educational opportunities and the kind of training which should be afforded to a child whose talents are directed along more traditional lines. As was stated by the Court of Appeals in International Text Book Co. v. Connelly (206 N. Y. 188, 195): “ A proper education is a necessary, but what is a proper education depends on circumstances. A common school education is doubtless necessary in this country, because it is essential to the transaction of business and the adequate discharge of civil and political duties. A classical or professional education, however, has been held not to come within the term. (Middlebury College v. Chandler, 16 Vt. 683; Turner v. Gaither, 83 N. C. 357.) Still, circumstances not found in the cases cited may exist where even such an education might properly be found a necessary as matter of fact.1’ (ltali.es ours.)
The tradition of a dynamic law adapting itself to changing needs is a proud mainstay of our juridical system. Previous interpretations which are not in harmony with modern conditions of life should not be woodenly applied merely for the sake of record consistency. The perpetuation of a fiction which has outlived its usefulness, and the adherence to which can only bring about an unjust result, is not required by either law or common sense. Thus in Woods v. Lancet (303 N. Y. 349) the court upheld a complaint which alleged that while the infant plaintiff was in his mother’s womb during the ninth month of her pregnancy, he sustained, through defendant’s negligence, injuries which resulted in his being maimed, although the same *246 court had held directly to the contrary in Drobner v. Peters (232 N. Y. 220). Said Desmond, J., speaking for the majority of the court: ‘ ‘ The precise question for us on this appeal is: shall we follow Drobner v. Peters, or shall we bring the common law of this State, on this question, into accord with justicef I think, as New York State’s court of last resort,, we should make the law conform to right. * * * We act in the finest common-law tradition when we adapt and alter decisional law to produce common-sense justice ” (pp. 351, 355; italics ours).
Again, in Bing v. Thunig (2 N Y 2d 656) our highest court showed its full awareness that decisions that fitted facts and circumstances of the horse and buggy era might not apply in a jet age, and that if that were the case such decisions should be overtly rejected. Said the court in that case, in abandoning the rule flowing from Schloendorff v. New York Hosp. (211 N. Y. 125) which made the liability of a hospital for injuries suffered by a patient through the negligence of its employees dependent upon whether the act which produced the injury was “administrative” or “medical”: “Decision in the present case calls upon us to say whether the rule should longer endure. * * * The rule of nonliability is out of tune with the life about us, at variance with modern-day needs and with concepts of justice and fair dealing. It should be discarded. * * * In sum, then, the doctrine according the hospital an immunity for the negligence of its employees is such a rule, and we abandon it ” (pp. 659, 667; italics ours).
Retaining, as we should, the sound policy of great solicitude for the rights of minors who are sought to be saddled with a financial obligation, there may be circumstances where the rendition of services for such a minor are so palpably in his interest, and their withholding would be so detrimental to the development of his proper potentials and growth ability, as to render him liable — in his own best interests — for their fair value.
The services rendered to the infant defendant in this case may upon a full development of the issues be in that category and, therefore, “ necessaries ” for the payment of which he is liable. The plaintiffs should not be foreclosed from attempting to make such proof upon a trial.
Defendant’s second point, i.e., the absence of an allegation that the services were rendered upon the credit of the infant, would likewise seem.to afford no substantial ground for dismissal. Of course, such an allegation, express or implied, is essential to an action such as this purports to be. (See 43 *247 C. J. S., Infants, § 78, p. 187.) It seems, however, a most reasonable, indeed a necessary, inference from the facts pleaded that the credit of the infant was relief upon by plaintiffs. If not, why the partnership agreement between the infant’s father and A1 Siegel for the purposes of ‘1 promoting the interests and managing the professional theatrical career ” of the infant? Had the credit of the father been relied upon, a partnership with him as one of the partners would hardly have been entered into.
The third ground, i.e., the absence of an allegation that the services were rendered at the request of the infant is, however, well taken. An action such as this must contain the same allegations as in the common-law actions for “ debt for board and lodging, or goods furnished.” (Goodman v. Alexander, 165 N. Y. 289, 292.) Indeed, plaintiffs seek in their complaint (par. “ hikth ”) to recover for “ work, labor and professional services”. Nowhere, however, do plaintiffs allege that such work, labor and professional services were rendered at either the express or implied request of the infant defendant. The omission of this essential allegation (see 1 Abbott’s Forms of Pleadings [3d ed.], p. 233, Form 246 and notes) is fatal to the complaint. To hold that this most material fact, too, has been pleaded inferentially would be leaving too much of substance to inference. (Didier v. Macfadden Pubs., 299 N. Y. 49, 53.)
The court, however, chooses to place its dismissal of this complaint on a more substantial basis than a mere pleading omission. Indisputably, the plaintiffs, a partnership composed of the plaintiff A1 Siegel and the infant’s father, proceed against the infant defendant in this action upon the theory that the work, labor and professional services rendered were necessaries. “ A partnership is an association of two or more persons to carry on as co-owners a business for profit.” (Partnership Law, § 10, subd. 1.) If judgment were recovered by the plaintiffs in this action it would constitute a partnership asset. Such being the case, the father of the infant defendant, as a member of that partnership, would presumably be entitled to share in the proceeds of that judgment. (Partnership Law, § 50.) Thus, the person primarily responsible to furnish the infant defendant with necessaries, i.e., his father (e.g., see Goodman v. Alexander, 165 N. Y. 289, 292, supra; Santasiero v. Briggs, 278 App. Div. 15, 18; Saracco v. Corelli, 268 App. Div. 34, 36; Murphy v. Holmes, 87 App. Div. 366, 369), is through the partnership entity in effect suing, and if successful will recover from, his son for the very necessaries he himself was in the first *248 instance obligated to furnish. Such a recovery would be against public "policy. This action in its present form is, therefore, not maintainable.
The complaint is accordingly dismissed, without leave to replead, but without prejudice to such other action as may be available to A1 Siegel as an individual against either or both of the defendants for the recovery of the proportionate share of the value of the services rendered which he would have been entitled to receive if there were a valid partnership agreement between him and the father of the infant.
Submit order.