■ AL SIEGEL, Appellant, v. EDWARD HODGES, an Infant, by His Guardian ad Litem, ANNIE S. HODGES, Respondent.— In an action against an infant to recover for alleged necessaries furnished to him, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered December 18, 1963 after a jury trial, which dismissed the complaint upon the granting of the defendant's motion, made pursuant to CPLR 4401, at the close of plaintiff's evidence, for judgment dismissing the complaint as a matter of law. Judgment

reversed on the law, without costs, and new trial granted. No issues of fact were considered. In our opinion, the evidence adduced in behalf of the plaintiff was such as to require a denial of the motion for judgment. The defendant was about 10½ years of age when the plaintiff allegedly began rendering his services in the defendant's behalf. While the defendant apparently had natural talent as an entertainer, he had not had professional training. It was for the jury to decide whether the services allegedly rendered by plaintiff in coaching and managing the defendant were necessaries for which the plaintiff was entitled to compensation on a *quantum meruit* basis (cf. 2 Williston, Contracts, [3d ed.], § 241; 27 Am. Jur., Infants, § 17; *Siegel & Hodges* v. *Hodges,* 20 Misc 2d 243, affd. 10 A D 2d 646, affd. 9 N Y 2d 747; see, e.g., General Obligations Law, § 3-105, subd. 3, par. c; § 3-107; 1961 Report of N. Y. Law Rev. Comm., pp. 269, 280–281). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.