OPINION OF THE COURT
Jeffry H. Gallet, J.
In this Uniform Support of Dependents Law (U.S.D.L.) proceeding petitioner sues for support for the child, Lizangela Cardozzeo, born within the marriage on July 6, 1977. (Domestic Relations Law, art 3-A.) The respondent defends-by denying paternity of the child.
FACTS
The parties were married on November 2, 1964 in Queens County, New York. On March 12,1981, four years after the birth of the child, the parties entered into a separation agreement which provided for support, custody and visitation of the subject child. This agreement was duly acknowledged and filed with the Supreme Court in Monroe County, New York. In July, 1983, petitioner moved to Florida with the child.
Respondent did not raise the issue of paternity until petitioner attempted to enforce the separation agreement in this proceeding. The court notes that respondent did not raise his nonpaternity defense at his initial appearance. Instead, he agreed to a temporary order of support in the amount of $30 per week. It was not until the second hearing to determine the amount of the final order of support that respondent raised his defense.
*804 LAW
A U.S.D.L. proceeding is a creature of statute and permits the litigation of certain limited issues. Respondent contends that by merely denying paternity he deprives this court of jurisdiction over this proceeding. However, such a holding would make the child support provisions of the U.S.D.L. meaningless. Moreover, the Family Court has jurisdiction under the U.S.D.L. to determine parental status of children born within a marriage (Moore v Moore, 49 AD2d 768), and the court is statutorily bound to apply the same presumptions and rules of evidence available to litigants in any other support proceeding brought in this court. (Domestic Relations Law, § 38-a.)
One of the strongest presumptions in the law is the presumption of the legitimacy of a child born within a valid marriage. (Matter of Findlay, 253 NY 1.) This presumption can only be rebutted by clear and convincing evidence. The burden of overcoming the presumption falls to respondent. (Matter of Erskine F., 100 AD2d 878.) The only evidence introduced by respondent was his own testimony that he was not the father. The court finds that respondent’s assertion of nonpaternity does not sustain his burden of proof. In addition, the court finds that under the facts of this case respondent is estopped from raising the defense of nonpaternity. (Michaella M. M. v Abdel Monem El G., 98 AD2d 464; Matter of Sharon GG. v Duane HH., 95 AD2d 466; Matter of Boyles v Boyles, 95 AD2d 95; Matter of Time v Time, 59 Misc 2d 912.)
DECISION
The court finds that, although the issue of paternity has not been actually litigated, it has been conceded expressly and implicitly (see Matter of Montelone v Antia, 60 AD2d 603) in the separation agreement and that the respondent is estopped from denying paternity in this proceeding.
Accordingly, this case will appear on the calendar on July 20, 1984 in part B at 9:30.