OPINION OF THE COURT
Alice Schlesinger, J.
Plaintiff commenced this action against defendant in 1984 to recover $7,809.52 plus interest for medical services allegedly rendered to defendant’s son Joseph Burns in March of 1982. The complaint asserts two causes of action. In the first, plaintiff contends that the services were rendered "at the express or implied request of the named defendant”. In its second cause of action plaintiff contends that "on or about 3/ 29/82 an account was taken and stated between plaintiff and defendant”.
Defendant has moved pursuant to CPLR 3211 (a) (7) for an order dismissing the entire action for failure to state a claim upon which relief may be granted. For the following reasons, defendant’s motion is granted and the action is dismissed.
Attached to the original complaint and to plaintiff’s opposition papers are various documents relevant to this action. The first, the hospital admission sheet, indicates that Joseph Burns was 19 years old when he was admitted for the services at issue here. It also indicates that he was employed by New York University Hospital at the time.
Defendant Margaret Johnson is listed on the admission sheet as the "Next of Kin” and the person to notify in the event of an emergency. Ms. Johnson and her son lived at the same address at that time.
In the section of the sheet entitled "Payment Methods”, defendant’s insurance policy name and number are listed. However, and quite significantly, the space labeled "Guarantor” is entirely blank.
The next document is a letter dated March 30, 1982 to the plaintiff hospital from defendant’s insurer. That letter indicates that the insurer would not pay the hospital bill because the patient Joseph was 19 years old when he was admitted to the hospital. The letter goes on to explain that defendant’s policy only covered "dependent children through their 19th birthday”.
The next relevant document is the statement of charges, dated April 7, 1982. Toward the top, next to the words, *709 "Guarantor” and "Bill To” appear the name and address of Joseph Burns. The third page of the statement indicates that defendant’s insurance company had rejected the claim.
Nothing in any of these documents establishes liability on defendant’s part under the first or second cause of action in the complaint.
Certainly, the documents do not show, as the first cause of action asserts, that defendant expressly requested the services. Nor do they show that she expressly agreed to pay for them. On the contrary, all the forms are completed in Joseph’s name, suggesting that he requested the services, and they also indicate that Joseph is the person to be billed.
Defendant did not sign any documents agreeing to assume liability for the debt. Although the admission sheet lists defendant’s insurance company, the hospital chose not to have defendant designated as a guarantor despite the provision for such on the admission sheet. It appears that the hospital listed defendant at most because her insurance seemed to be an available payment source. However, having failed to secure an express guarantee from defendant, plaintiff cannot impose liability on her now, after the fact, because her insurance company refused to pay. (State of New York v Falter, 66 AD2d 927 [3d Dept 1978]; see also, Four Winds Hosp. v Keasbey, 92 AD2d 478, 479 [1st Dept], mod 59 NY2d 943 [1983].)
Nor is there any support for plaintiff’s claim of liability on the ground that the services were provided at the "implied request” of defendant. "The general rule, that, where a person requests of another the performance of services, which are performed, the law implies a promise by the former to pay their reasonable value, has no application in the case of a physician, rendering professional services to a third person, if the relation to the patient of the person, who requests them, be not such as imports the legal obligation to provide them.” (McGuire v Hughes, 207 NY 516, 519-520 [1913]; emphasis added; see also, Tender Loving Care Agency v Hladun, 111 AD2d 162 [2d Dept 1985].)
Without a single citation to a statute or case law, plaintiff contends that defendant has such a legal obligation "by operation of law”. It also argues that the pleadings must be liberally construed, and that this motion to dismiss should not be granted unless no possible cause of action exists.
Plaintiff correctly recites the standard to be applied in a motion to dismiss for failure to state a cause of action. *710 Nevertheless, the arguments presented by defendant along with this court’s own research convince me that no legal obligation exists here "by operation of law” and that no possible cause of action can be stated under which defendant would be liable to plaintiff.
Under the common law, a parent is liable to reimburse a third party who provides medical services to the child only when the child is below the age of majority and the services are provided in reliance on defendant’s credit. (Enrico v Manville, 59 Misc 2d 549, 553-554 [Westchester County Ct 1969], citing Siegel & Hodges v Hodges, 20 Misc 2d 243, affd 10 AD2d 646, affd 9 NY2d 747 [1961].) In New York State, an individual reaches the age of majority and is no longer considered a "child” when s/he reaches the age of 18. (Domestic Relations Law § 2; Social Services Law § 371.) This proposition of law is consistent with the proposition of law in New York State that an individual has the capacity to contract on his own behalf at age 18. (General Obligations Law § 3-101.)
In the case at bar, defendant’s son was 19 when the services were provided, and there is no indication that the services were provided in reliance on defendant’s credit. As stated above, and as in the Falter case (supra), the hospital chose not to have defendant sign as a guarantor despite the provision for such on the admission sheet, and her insurance coverage was listed, at most, because of its apparent availability. This interpretation is consistent with the statement of charges "billed to” Joseph after defendant’s insurance company rejected the claim.
While certain statutes do exist which impose liability on the parent to support the child until age 21, none of those statutes apply to plaintiff’s claim here. One such statute is Domestic Relations Law § 32. Subdivision (3) provides: "Parents liable for support of their child or children under twenty-one years of age. If possessed of sufficient means or able to earn such means, either or both parents may be required to pay for such child’s care, maintenance and education a fair and reasonable sum according to their respective means, as the court may determine and apportion.”
This statute may not be utilized to impose liability on defendant here. Domestic Relations Law § 32 was enacted as part of the Uniform Support of Dependents Law. As the words of the statute themselves suggest, its purpose is to "secure support in civil proceedings for dependent spouses and chil *711 dren from persons legally responsible for their support.” (Domestic Relations Law § 30.)
That is, the Uniform Support of Dependents Law was designed to alleviate "somewhat the problem of absconding [spouses and parents] who flee to escape their support obligations.” (2 Foster-Freed, Law and the Family, at ix.) It was not intended to support a hospital’s attempt to impose liability on a parent for a bill, after the fact, as plaintiff seeks to do here. Moreover, since the statute extends the parent’s liability in derogation of the common law, it must be strictly construed to permit litigation of only those limited issues which are consistent with the statute’s purpose. (Matter of Cardozzeo v Cardozzeo, 124 Misc 2d 803, 804 [Fam Ct, Queens County 1984].)
Language similar to that of Domestic Relations Law § 32 may be found in Family Court Act § 413. Again, however, the statute was not intended to cover situations like the one at bar. Rather, like the Uniform Support of Dependents Law, Family Court Act § 413 was intended to enforce intrafamily obligations and to safeguard the welfare of children by empowering the State, through support proceedings in the Family Court, to compel a person liable for support , to provide such support for the benefit of the family. (Family Ct Act § 411; Matter of Carter v Carter, 58 AD2d 438 [2d Dept 1977]; People ex rel. Wagstaff v Matthews, 168 Misc 188, affd 255 App Div 866 [2d Dept 1938].)
Again, as with the Uniform Support of Dependents Law, Family Court Act § 413 imposes liability on the parent for support in derogation of common law. (Matter of Jones v Jones, 51 Misc 2d 610, 614 [Fam Ct, NY County 1966].) Thus, the statute must be strictly construed to permit only that litigation which is consistent with the statute’s purpose. The litigation at bar is not such litigation.
To the extent that the statutory language may indicate otherwise, one need only turn to Family Court Act § 415. The Department of Social Services (DSS) and the Department of Mental Hygiene (DMH) are intended beneficiaries of this section, which makes a parent liable for the support of the child until the age of 21 when the child is the recipient of public assistance or a patient in a public institution.
The purpose of this section is to protect the public purse by tapping financial resources before public assistance and public funds are used for welfare purposes. (Law and the Family, op. cit.) However, consistent with this purpose, the support liabil *712 ity is limited to the amount that would be in the public assistance grant, serving only to keep the child off such assistance. (Family Ct Act § 415; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 415, p 101; see also, Law and the Family, op. cit.) Such is also the case with Social Services Law § 101.
Family Court Act § 415 illustrates that when the Legislature intended a third party, outside of the family, to benefit from the statute, it expressly so provided. The express designation of DSS and DMH as beneficiaries, along with the omission of other third parties such as private hospitals in any of the other sections of the Domestic Relations Law or the Family Court Act, creates the irrefutable inference that all other potential third parties were intended to be excluded from the statutes’ benefits. (McKinney’s Cons Laws of NY, Book I, Statutes § 240.)
The case of Albany Med. Center Hosp. v Johnston (102 AD2d 915 [1984]) in which the Third Department held the defendant father liable under Family Court Act §413 for medical services provided to his son, is distinguishable from the case at bar. First, it appears that Albany Medical Center may have some affiliation with New York State to bring it within the purpose of Family Court Act § 415. Also, the patient was just 18 years old, unemployed and attending school when the services were provided. Finally, the court made clear that no statutory liability would exist if the parent was "unwilling or unable to pay for the medical services rendered” (supra, p 916) as appears to be the case here.
Plaintiffs second cause of action here, alleging an account stated, is equally without merit. An account stated only determines the amount of debt where a liability exists, but it cannot be made to create a liability where none before existed. (1 NY Jur 2d, Accounts and Accounting, § 12; Gurney, Becker & Bourne v Benderson Dev. Co., 47 NY2d 995 [1979].) Since, as indicated above, no liability could possibly exist on defendant’s part to pay the bill, no cause of action exists based on an account stated.
Even if an underlying liability did exist, no cause of action for an account stated could be made out in this case. An essential element of a claim for an account stated is that the account be presented to defendant and accepted by her. (Waldman v Englishtown Sportswear, 92 AD2d 833 [1st Dept 1983].)
In the case at bar plaintiff has failed to plead or present any *713 proof that the bill was ever even presented to defendant for payment. Quite the contrary, the statement unequivocally indicates that it was addressed to defendant’s son. That plaintiff submitted a claim to defendant’s insurance company does not constitute a communication of the account to defendant.
For all these reasons, defendant’s motion to dismiss is granted in its entirety.