OPINION OF THE COURT
Peter Tom, J.
In this motion, defendant Inez Spell moves for an order dismissing the complaint for failure to state a cause of action as against her.
*848 Plaintiff commenced this action to recover damages for hospital and medical services rendered to defendant Lionell Spell from March 1 to March 8, 1983, allegedly at the express and implied request of the defendants. Lionell Spell is the son of defendants Inez and Calloway Spell.
Defendant Inez Spell has interposed an answer to the complaint but defendants Lionell and Calloway Spell have failed to answer the complaint.
Defendant Inez Spell contends in this motion that she never requested the services provided to her son nor did she agree to pay for them, and since Lionell Spell was not a minor at the time he received the services she should not be liable for the charges.
The hospital records, defendant’s exhibit F, substantiate defendant’s contention. The records show that Lionell Spell was admitted into plaintiff hospital on March 1, 1983 and that the only responsible party listed on the admission sheet is Lionell Spell. Inez Spell is listed as the next of kin or person to be notified in case of emergency. The hospital records do not show, as alleged by plaintiff, that defendant Inez Spell expressly requested the services rendered to Lionell Spell. It appears from the records that Lionell Spell checked himself into the hospital.
Plaintiff also failed to prove that there was an implied agreement made by defendant Inez Spell to pay for the charges. Since defendant Inez Spell did not request the medical care for her son, there can be no implied agreement to pay for the charges. Even assuming that defendant Inez Spell requested the medical services for her son, she must be under a legal obligation to provide the care to Lionell Spell before there can be an implied promise by her to pay for the hospital and medical charges. (McGuire v Hughes, 207 NY 516.)
Defendant Inez Spell had no legal obligation to provide medical services to Lionell Spell at the time services were provided to him by plaintiff. Lionell Spell was 20 years of age at the time of his hospitalization.
At common law parents were not obligated to support a child who reached the age of majority. (Matter of McClancy, 182 Misc 866, affd 268 App Div 876, affd 294 NY 760; Siegel & Hodges v Hodges, 20 Misc 2d 243, affd 10 AD2d 646, affd 9 NY2d 747.)
The Legislature in 1974 lowered the age of majority from 21 years of age to 18 years. (Domestic Relations Law § 2; Social *849 Services Law § 371.) A person who has attained the age of 18 is deemed to reach his or her majority and has the legal capacity to enter into a binding contract with another party. (General Obligations Law § 3-101.)
In the present case, Lionell Spell, who has reached the age of majority, entered into a contract with plaintiff for hospital and medical services. Lionell Spell is the only contracting party to this agreement with plaintiff, and he is the only party legally bound under the terms of the contract.
Plaintiff further argues that a parent is nevertheless obligated to support a child who has attained majority at the age of 18 but under the age of 21 for necessaries which include reasonable medical care.
There are certain statutes which are in derogation of the common law. Those statutes obligate parents, under certain circumstances, to support their child under the age of 21. (Domestic Relations Law § 32; Family Ct Act §§ 413, 415; Social Services Law § 101.)
However, these statutes have no application under the facts of this case.
Domestic Relations Law § 32 and Family Court Act § 413 provide for intrafamily support of dependent children under 21 years of age. Domestic Relations Law § 30 provides that, "The purpose of this article is to secure support in civil proceedings for dependent spouses and children from persons legally responsible for their support.” The Family Court has the exclusive jurisdiction over proceedings for support and maintenance arising under these sections. (Family Ct Act § 411.) These statutes were not designed for a hospital to recover from parents charges for medical services rendered for their children under the age of 21 years, and plaintiff cannot utilize these statutes to create such a cause of action. (Mount Sinai Hosp. v Burns, 133 Misc 2d 707.)
Family Court Act § 415 and Social Services Law § 101 which impose liability on certain persons to support relatives of legal age was designed to protect the public purse by preventing the relative from becoming a public charge if the person has the financial means to support such a relative. (Lake Shore Hosp. v Fries, 86 Misc 2d 169, 170; Mount Sinai Hosp. v Burns, supra, at 711.)
Social Services Law § 101 provides in pertinent part:
*850 "1. Except as otherwise provided by law, the spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible only for the support of a child under the age of twenty-one years. * * *
"2. The liability imposed by this section shall be for the benefit of the public welfare district concerned or any legally incorporated non-profit institution which receives payments from any governmental agency for the care of medically indigent persons, and such liability may be enforced by appropriate proceedings and actions in a court of competent jurisdiction. Such proceedings and actions may be brought by such an institution in any court wherein a similar proceeding or action could be brought by a public welfare official.”
Family Court Act § 415 provides in pertinent part: "Except as otherwise provided by law, the spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof or of a patient in an institution in the department of mental hygiene, if of sufficient ability, is responsible for the support of such person or patient, provided that a parent shall be responsible only for the support of his child or children who have not attained the age of twenty-one years”.
Plaintiff has failed to allege in the complaint or in its opposition papers to the instant motion that Lionell Spell is a recipient of public assistance or a person liable to become in need of assistance or that defendant Inez Spell is a person of sufficient ability. Rather, the evidence shows to the contrary. The hospital records show that Lionell Spell was employed by the City of New York at the time he was hospitalized. He was essentially self-sufficient when he lived with his parents. Defendant Inez Spell, who is 65 years of age, has been separated from her husband after her son’s hospitalization and is presently living by herself. She has a limited income and lacks the funds to pay for the medical charges. She is represented in this case by the Legal Aid Society. Defendant Inez Spell does not appear to be a person of sufficient ability as provided by the statutes.
Plaintiff has not alleged that plaintiff hospital is the type of *851 nonprofit corporation which receives payments from a governmental agency for the care of medically indigent persons as provided by Social Services Law § 101 (2).
These statutes are not applicable to the case at bar.
Based on the foregoing, defendant Inez Spell’s motion is granted and plaintiffs complaint is dismissed as against her.